UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVONTA MELVIN ROWLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. *13-1657* |
| | ) | |
| JUDGE IN CHAMBERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(1)(B), 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

*N*

3

Plaintiff purports to sue the Judge in Chambers for unspecified acts "'of negligence' and 'abuse of process without due process' of 'American' law." Compl. at 1. He "demands ($14,000,000,000.00) of damages," plus interest and costs. *Id.* Even if the named defendant were amenable to suit, the Court concludes that what factual contentions are identifiable in plaintiff's complaint are baseless and wholly incredible. The complaint is frivolous and it must be dismissed. *See* 28 U.S.C. § 1915(e)(1)(B).

An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE: 10/17/13